**07 C 6891**

**JUDGE ZAGEL
MAGISTRATE JUDGE NOLAN**

# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JEWEL FOOD STORES, INC. <br> a New York corporation, <br><br> Plaintiff, <br><br> v. <br><br> ACORN-ELSTON, LLC. <br> a Delaware limited liability company, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. _____ <br><br> Jury Demanded |

### COMPLAINT

Plaintiff, Jewel Food Stores, Inc., by and through its attorneys Fox, Hefter, Swibel, Levin & Carroll, LLP, for its complaint against Defendant, Acorn-Elston, LLC states as follows:

#### Parties and Venue

1. Plaintiff, Jewel Food Stores, Inc. ("Jewel"), is a New York corporation operating food stores throughout the Chicagoland area. Jewel operates a food store in the shopping center known as the Elston Plaza located at 3570 N. Elston Avenue in Chicago, Illinois (the "Property").

2. Defendant, Acorn-Elston, LLC ("Acorn"), is a Delaware limited liability company that owns and leases the Property to Jewel.

3. Venue is proper in the Circuit Court of Cook County pursuant to Section 2-102 of the Illinois Code of Civil Procedure in that Acorn maintains offices and transacts business in Cook County, Illinois. Venue is also proper in this judicial circuit

pursuant to Section 2-101 of the Illinois Code of Civil Procedure because Acorn performed a substantial part of the wrongful conduct underlying this action in Cook County, Illinois.

### Background Facts

4. On April 9, 1982, Jewel's predecessor in interest, Jewel Companies, Inc., and Acorn's predecessor in interest, Chicago Title and Trust Company at Trustee under Trust Agreement dated the 30th day of January, 1982 and known as Trust No. 1081268, entered into a fifteen year lease with options to renew (the "Lease"). (A true and correct copy of the Lease is attached hereto as Exhibit A.)

**A.    Acorn Breaches Its Contractual Obligation To Contribute Funds To Reimburse Jewel For Remodeling Costs.**

5. Jewel and Acorn subsequently entered into a Second Amendment to Lease ("Second Amendment") on November 15, 2006 in which the parties agreed, *inter alia*, to extend the term of the Lease, provide Jewel with additional renewal options, and to "add a Lessor [Acorn] financial contribution" to assist Jewel in any remodeling project it engaged in at the Property. (A true and correct copy of the Second Amendment is attached hereto as Exhibit B.)

6. Paragraph 2 of the Second Amendment provides:

> Store Remodel. Lessee, *at Lessee's sole discretion*, cost and expense (but subject to Article 4 below) may complete a combined 4-wall store remodel (the "Remodel Project") of the Leased Premises subject to and in compliance with all laws, ordinances, rules and regulations of any governmental authority having jurisdiction over the Leased premises and in accordance with the terms of the Lease, including, without limitation, Section 6.5 thereof. (Emphasis added).

7. Pursuant to Paragraph 3 of the Second Amendment, Jewel agreed to provide Acorn with copies of its construction budget and plans associated with the

Remodel Project.

8.  Acorn agreed in Paragraph 4 of the Second Amendment to reimburse Jewel for the lesser of: i.) 30% of all actual third-party costs ("Remodel Project Costs") incurred by Jewel or ii.) $650,000. The amount to be paid by Acorn to Jewel is called the "Lessor's Remodel Contribution" in the Second Amendment.

9.  Acorn agreed to pay one-half of the Lessor's Remodel Contribution within fifteen days from the date Jewel delivered the remodel budget and plans to it and notified Acorn it commenced the Remodel Project. The remaining one-half of the Lessor's Remodel Contribution is required to be paid within fifteen days from the date: i.) Jewel's architect certifies in writing to Acorn that the work had been completed in accordance with the plans, and ii.) evidence of the Remodel Project Costs is forwarded to Acorn.

10. The determination of the scope of the work to be performed as part of the Remodel Project is solely within the discretion and determination of Jewel.

11. On January 4, 2007, Jewel sent a certified letter to Acorn notifying it that the Remodel Project had commenced and provided Acorn with a budget and set of plans pertaining to the project. In the letter, Jewel requested that Acorn pay one-half of the Lessor's Remodel Contribution ($325,000) within fifteen days as required by the Second Amendment. Acorn failed to pay any portion of the amount owed to Jewel.

12. On May 24, 2007, Jewel's architect certified that the Remodel Project was performed in accordance with the plans and specifications provided to Acorn.

13. Jewel sent another certified letter to Acorn on June 18, 2007, again demanding that Acorn honor its contractual obligation to pay 30% of the Remodel Project Costs. Jewel provided Acorn with another full set of plans drawn by its

architects, a copy of the architect's certification that the work had been performed in accordance with the plans, a statement signed by Jewel's contractor showing the costs through May 25, 2007 totaled $1,167,689.03, and another copy of its earlier January 4th letter to Acorn. Jewel requested that Acorn pay the first half of its agreed upon Lessor's Remodel Contribution of $350,306.71 which represented one-third of the costs incurred by Jewel through that date.

14. Acorn again failed to make any payment in response to Jewel's second request for reimbursement of its Remodel Project Costs.

15. On September 24, 2007, Jewel sent a third certified letter to Acorn informing it that the Remodel Project Costs totaled $2,710,407.59 and included with the letter a detailed spreadsheet showing the costs incurred. The contract provides that the Lessor's Remodel Contribution is the lesser of 30% of the total Remodel Project Costs ($813,122.27) or $650,000; therefore Acorn is obligated to pay Jewel $650,000 pursuant to the parties' agreement. Jewel also provided Acorn another copy of the architect's certification and a payment request signed by the general contractor showing the costs associated with the Remodel Project. Jewel demanded Acorn pay its Lessor's Remodel Contribution totaling $650,000 within fifteen days in accordance with Acorn's obligations pursuant to the Second Amendment.

16. Acorn once again unreasonably and vexatiously refused to make any payments to Jewel to reimburse it for its Remodel Project Costs as it specifically agreed to do in the Second Amendment and has made no payments to Jewel to date.

**B.  Acorn Breaches Its Contractual Obligation To Pay Jewel $400,000 For The Right To Build A Bank On The Property Leased To Jewel.**

17. The Second Amendment also provides in Paragraph 5 that in consideration

4

for Jewel agreeing to allow Acorn to construct a building to be used as a bank by JP Morgan Chase Bank on the Property, Acorn agreed to pay Jewel $400,000 within fifteen days of the signing and delivery of the Second Amendment. Since the Second Amendment was executed by the parties on November 15, 2006, Acorn was contractually obligated to pay the $400,000 owed to Jewel by November 30, 2006.

18. Acorn failed to pay the $400,000 due Jewel by November 30, 2006.

19. On June 19, 2007, Jewel sent a letter to Acorn via certified mail demanding that Acorn pay the $400,000 owed pursuant to the Second Amendment.

20. Acorn has admitted it owes the funds to Jewel. On September 12, 2007, John B. Coleman of Acorn sent a letter to Jewel stating: "we have approved your June 19, 2007 Request for reimbursement in full of $400,000 (Bank Contribution) and you shall be receiving same shortly." Thirteen days later however, counsel for Acorn sent a letter to Jewel stating that Acorn was reneging on its promise and now it would not be paying the $400,000 until some unspecified arrangement was reached on Acorn's Lessor's Remodel Contribution.

21. On September 26, 2007, Jewel sent a letter to Acorn demanding payment of the $400,000 within ten days or it would pursue its legal remedies. Despite repeated requests, Acorn has refused to pay the sums owed.

### Count I—Breach of Contract

22. Jewel realleges and incorporates by reference paragraphs 1 through 21.

23. Jewel has fulfilled all of its obligations pursuant to the Second Amendment.

24. Pursuant to Paragraph 5 of the Second Amendment, Acorn is obligated to

pay the sum of $400,000 to Jewel in consideration for Jewel's agreement to allow Acorn to build a building on the Property to be leased or sold to a bank.

25. The $400,000 payment was due to be paid by Acorn to Jewel no later than November 30, 2006.

26. Acorn has failed to pay the $400,000 owed to Jewel and is therefore in breach of the Second Amendment. Acorn has admitted in writing that it owes the amount to Jewel but has unreasonably refused to make the payment in a blatant effort to extract concessions from Jewel on the amount it owes Jewel with respect to the Remodel Project Costs.

27. At all relevant times there was in force and effect in the State of Illinois a statute that provides, in pertinent part:

> Creditors shall be allowed to receive [interest] at a rate of 5 percent per annum for all monies after they become due on any ... instrument of writing ... and on money withheld by an unreasonable and vexatious delay of payment. 815 ILCS 205/2 (2007).

28. Acorn's failure to pay the amount owed to Jewel constitutes an unreasonable and vexatious delay of payment pursuant to Illinois statute and consequently Jewel is entitled to 5% prejudgment interest on the $400,000 owed to it commencing from December 1, 2006.

WHEREFORE, Plaintiff Jewel Food Stores, Inc., prays that the Court enter judgment in its favor and against Acorn-Elston, LLC, and award it the sum of $400,000, prejudgment interest through the date of judgment, plus its costs incurred herein and such other and further relief that the Court deems appropriate.

### Count II—Breach of Contract

29. Jewel realleges and incorporates by reference paragraphs 1 through 21.

30. Jewel has fulfilled all of its obligations pursuant to the Second Amendment.

31. Acorn agreed in Paragraph 4 of the Second Amendment to reimburse Jewel for one-third of the Remodel Project Costs incurred by Jewel in connection with the Remodel Project up to a maximum of $650,000.

32. Jewel incurred $2,710,407.59 in Remodel Project Costs as verified by its architect and Acorn is responsible under the Second Amendment to reimburse Jewel for $650,000 of those costs.

33. Jewel has provided Acorn with all of the documentation regarding the Remodel Project Costs required under the Second Amendment.

34. Acorn has breached the Second Amendment by failing to pay the Lessor's Remodel Contribution it is required to pay Jewel pursuant to the agreement.

35. At all relevant times there was in force and effect in the State of Illinois a statute that provides, in pertinent part:

> Creditors shall be allowed to receive [interest] at a rate of 5 percent per annum for all monies after they become due on any ... instrument of writing ... and on money withheld by an unreasonable and vexatious delay of payment. 815 ILCS 205/2 (2007).

36. Acorn's failure to pay the amount owed to Jewel constitutes an unreasonable and vexatious delay of payment pursuant to Illinois statute and consequently Jewel is entitled to 5% prejudgment interest on the $650,000 owed to it by Acorn.

WHEREFORE, Plaintiff Jewel Food Stores, Inc. prays that the Court enter judgment in its favor and against Acorn-Elston, LLC, and award it the sum of $650,000, prejudgment interest through the date of judgment, plus its costs incurred herein and such other and further relief that the Court deems appropriate.

JEWEL FOOD STORES, INC.

By _____
One of its Attorneys

Martin B. Carroll
Adam A. Hachikian
**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
Firm No. 39288
321 North Clark Street, Suite 3300
Chicago, Illinois 60610
312.224.1200 (telephone)
312.224.1201 (facsimile)
Dated: October 19, 2007

8